UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REVONDA ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-761** |
| **JOHN N. KAMAU, ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Plaintiff Revonda Robinson's Motion to Remand (Doc. 6). For the following reasons, the Motion to Remand is **GRANTED**.

### BACKGROUND

Plaintiff Revonda Robinson filed this action on March 24, 2025 in Orleans Parish Civil District Court against John N. Kamau, Werner Enterprises, Inc. of Nebraska ("Werner Enterprises"), and State Farm Mutual Automobile Insurance Company for injuries she alleges she sustained in an automobile accident. Defendants John N. Kamau and Werner Enterprises removed the action to this Court on April 17, 2025 on the basis of diversity jurisdiction. Plaintiff now moves to remand, arguing that the amount in controversy does not exceed $75,000.

### LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the moving party to show "[t]hat federal jurisdiction exists and that

---
[1] 28 U.S.C. § 1441(a).

1

removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony, or live testimony concerning the facts underlying the citizenship of the parties."[4] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand. [5]

## LAW AND ANALYSIS

Defendants seek to invoke this Court's subject matter jurisdiction on the basis of diversity. Federal diversity jurisdiction exists when no plaintiff has the same citizenship as any defendant—complete diversity—and the "amount in controversy" exceeds $75,000.[6] Here, the parties do not dispute that complete diversity exists; however, they dispute whether the amount in controversy requirement of $75,000 has been met.

"Generally, the amount of damages sought in [a plaintiff's state court] petition constitutes the amount in controversy, so long as the pleading was made in good faith."[7] Here, Plaintiff's petition does not seek a specific sum of damages.[8] Instead, it seeks "[j]udgment in favor of Plaintiff and against Defendants in an amount found reasonable at trial" for:

> a multitude of personal injuries, which have resulted in damages that include, but are not limited to, the following: a. Past/Present/Future physical pain and suffering; b. Past/Present/Future mental and

---

[2] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id.*
[4] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).
[5] *Id.*
[6] 28 U.S.C. § 1332(a).
[7] Thompson v. Acceptance Indem. Ins. Co., No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014).
[8] Louisiana law typically prohibits plaintiffs from pleading specific amounts of damages. *See id.* (citing LA. CODE CIV. PROC. Art. 893(A)(1)).

emotional pain and suffering; c. Past/Present/Future medical expenses; d. Past/Present/Future loss of income; e. Past/Present/Future loss of earning capacity; f. Past/Present/Future partial and/or permanent disability and scarring; g. Property damages; and h. Any and all other damages and losses to be shown at trial.[9]

"[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $[75,000]."[10] As the parties note, the removing defendant may meet this burden either by (1) "demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[11] Once the removing defendant meets this burden by a preponderance of the evidence, "removal is deemed proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount."[12]

Here, Defendants argue that Plaintiff's Petition is removable on its face, relying on Paragraph IX of Plaintiff's Petition, which states in relevant part: "while Plaintiff disagrees and reserves all rights, Defendants have maintained the position that the amount in controversy does *not* exceed the threshold for federal court jurisdiction."[13] Read literally, Plaintiff alleges in her own Petition that the amount in controversy exceeds the threshold for federal court jurisdiction. In addition, Paragraph 9 of the Defendants' Answer to Plaintiff's Complaint declares that "Defendants admit the amount in controversy meets

---

[9] Doc. 1-1 at 3-4.
[10] Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)) (internal quotations omitted).
[11] Grant v. Chevron Phillips Chemical Co., 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen*, 63 F.3d at 1335) (emphasis omitted).
[12] Fairchild v. State Farm Mut. Auto. Ins. Co., 907 F. Supp. 969, 970 (M.D. La. 1995).
[13] Doc. 1-1 at 3.

threshold [sic] for federal diversity jurisdiction."[14] However, Plaintiff's "statement that the amount in controversy either did or did not exceed the federal jurisdictional amount would simply be one piece of evidence for the Court to consider."[15] The Petition does not include any specific allegations regarding Plaintiff's injuries by which this Court can find the amount in controversy facially apparent.[16] Thus, the Court considers Plaintiff's and Defendants' admissions that the amount in controversy meets the federal jurisdiction threshold of $75,000 only in conjunction with other evidence.

Having decided that the amount in controversy is not facially apparent from the Petition, the Court now considers the evidence that Defendants have put forth to support their position that the amount in controversy exceeds $75,000.[17] Defendants rely on two pre-suit settlement demands submitted by Plaintiff, each well in excess of the federal jurisdiction threshold. "Courts within the Fifth Circuit have routinely held that both pre- and post-complaint demand letters may be relied on as evidence to satisfy the amount-in-controversy requirement. 'Settlement demand letters evidence the amount in controversy insofar as they represent a plaintiff's actual valuation of [her] claims.'"[18] Plaintiff has not asserted that her settlement demands were not an honest valuation of her damages.

---

[14] Doc. 11-1 at 2.
[15] George v. Dolgencorp, Inc., No. 07-1265, 2008 WL 103957, at *1 (E.D. La. Jan. 9, 2008).
[16] *See* Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).
[17] Defendants also attempt to rely on an unaccepted offer of judgment made to Plaintiff in the amount of $75,000. Doc. 11-4. Plaintiff argues that this evidence should be stricken pursuant to Rule 68 of the Federal Rules of Civil Procedure, which instructs that "[e]vidence of an unaccepted offer is not admissible except in a proceeding to determine costs." FED. R. CIV. PRO. 68(b). The rule is clear, and this Court agrees that evidence of the unaccepted offer of judgment cannot be considered for purposes of determining the amount in controversy.
[18] Wilcox v. Walmart, Inc., No. 24-1236, 2024 WL 3617005, at *3 (E.D. La. Aug. 1, 2024) (quoting Marullo v. Dollar General Corp., No. 2:14-cv-01131, 2014 WL 3587879, at *2 (E.D. La. July 21, 2014)).

Indeed, in one settlement demand sent in January 2025, Plaintiff alleges that she underwent a lumbar MRI after participating in months of prescribed physical therapy.[19] Plaintiff details that this MRI revealed: "1. A broad-based disc herniation (2.0 mm) with annular fissure at L3-4; 2. A broad-based disc herniation (4.1 mm) with disc herniation at L4-5; and 3. A disc bulge at L5-S1."[20] Plaintiff was subsequently referred for a neurosurgical evaluation, after which she received "bilateral L5 transforaminal epidural steroid injections."[21] Plaintiff listed her medical expenses to date totaling $11,663.90, and asserted that the quantum for "cases involving positive disc pathology resulting injection therapy routinely exceed several hundred thousand dollars."[22] Accordingly, Plaintiff's settlement demands indicate that she actually values her case at more than the jurisdictional amount.

That said, a plaintiff's valuation of the case is not dispositive of the amount in controversy. "While a settlement offer may be valuable proof of the amount in controversy, the amount in controversy must be supported by evidence."[23] "[O]therwise, subject matter jurisdiction could be effectively conferred by consent."[24] This Court finds that the evidence submitted by Defendants does not support an amount in controversy above the jurisdictional amount. The only evidence before this Court is Plaintiff's settlement demand that details her medical bills totaling less than $12,000, and states that she has disc herniations and received a single epidural steroid injection. "[C]ourts in this district have repeatedly held that unoperated herniated discs do not

---

[19] Doc. 11-4 at 2.
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] Higgins v. Ace Am. Ins. Co., No. CV 24-969, 2024 WL 2796650, at *4 (E.D. La. May 31, 2024).
[24] Anderson v. Great W. Cas. Co., No. 09-7716, 2010 WL 420572, at *1 (E.D. La. Jan. 29, 2010).

5

meet the jurisdictional minimum."[25] Further, Defendants have not presented any evidence of any future medical treatments anticipated at the time of the removal.[26]

In *Gallin v. Tyson Foods, Inc.*, the Court found that remand was appropriate where "[t]he only conclusive evidence defendants have submitted indicating the actual amount in controversy is the medical expenses" that the plaintiff incurred for a disc herniation of approximately $20,000.[27] The court noted that the defendants had not presented any evidence of the likelihood that the plaintiff would undergo a recommended surgery or anticipated costs of future treatment, if such treatment occurred.[28] Here too, Defendant has submitted evidence of less than $12,000 in medical bills and has not presented any evidence that Plaintiff has received any recommendation for surgery or future treatment. As such, Defendants have failed to establish by a preponderance of the evidence that the amount in controversy requirement for federal diversity jurisdiction has been met. Accordingly, the case must be remanded.

## CONCLUSION

For the foregoing reasons, the Motion to Remand (Doc. 6) is **GRANTED,** and this matter **is REMANDED** to state court.

---

[25] Moore v. Doe, No. CV 25-355, 2025 WL 1131554, at *4 (E.D. La. Apr. 17, 2025).
[26] *See Higgins*, 2024 WL 2796650, at *4.
[27] No. CV 19-10070, 2019 WL 2611126, at *5 (E.D. La. June 26, 2019).
[28] *Id.*

New Orleans, Louisiana this 7th day of July, 2025.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**